FILED

SEP 2 7 2007

COURT

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ANTOINE L. THOMAS, #356784,

Petitioner,

v.                                          CIVIL ACTION NO. 2:07cv219

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia. For the reasons stated herein, the Court recommends that the instant petition for a writ of habeas corpus be DENIED.

## I. STATEMENT OF THE CASE

### A. Background

On January 16, 2006, Petitioner, Antoine L. Thomas ("Thomas"), was found guilty in a bench trial,[1] in the Circuit Court for the

---

[1]Thomas was represented at trial by Steven M. Marks, Esq. ("Marks"). Prior to trial, Thomas had been appointed two (2) other attorneys, both of which were relieved prior to Marks's appointment.
     The first appointed counsel, Michael M. Weise, Esq. ("Weise"), filed a motion on September 19, 2005, to substitute Russell E. Booker III, Esq. ("Booker"), as counsel because Weise had been

County of Caroline, Virginia ("Circuit Court"), of one (1) count of robbery. Thomas was sentenced to serve ten (10) years in prison, of which a period of five (5) years was suspended, as reflected in the Court's Sentencing Order entered on March 31, 2006.[2]

On May 11, 2006, Thomas noted his appeal to the Court of Appeals of Virginia ("Court of Appeals"),[3] and on September 20, 2006, he filed his petition for appeal.[4] On December 20, 2006, the Court of Appeals denied the appeal.[5] Record No. 1206-0602 (per

---

hired as a prosecuting attorney by the Caroline County Commonwealth's Attorney's Office. On October 25, 2005, Thomas then moved for Booker to be relieved as counsel because he had previously shared an office with Weise, and Thomas was concerned that this created a conflict of interest. The court granted this motion by order on October 31, 2005, and appointed Marks as new counsel.

[2]The sentencing hearing was held on March 22, 2006.

[3]This notice was filed by Marks. The record also shows that Thomas filed a handwritten notice with the Circuit Court on April 4, 2006.

[4]Marks represented Thomas for this appeal. On September 6, 2006, counsel moved for an extension of time in which to file the petition, which was granted by the court on September 11, 2006. This appeal alleged essentially the following errors:
    (I) The court erred in finding the evidence sufficient for a conviction on the charge of robbery;
    (II) The court erred in dismissing Thomas's motion to dismiss based upon a violation of his right to counsel; and
    (III) The court erred in dismissing Thomas's motion to dismiss based upon the improper amendment of the charge.

[5]The court held:
    (I) The evidence was competent, not inherently incredible, and was sufficient to prove beyond a reasonable doubt that Thomas robbed the victim;
    (II) The court properly denied the motion to dismiss as untimely because it was made months after Thomas knew that his first appointed attorney was working in the Commonwealth's

curiam) ("Thomas I").

On January 16, 2007, Thomas filed his appellate brief with the Supreme Court of Virginia.[6]  On May 24, 2007, the court summarily dismissed the appeal.  Record No. 070105 ("Thomas II").  Thomas did not file an appeal with the United States Supreme Court.

On May 2, 2006, prior to counsel's filing the notice of direct appeal with the Court of Appeals, Thomas executed a pro se petition for a writ of habeas corpus in the Circuit Court.[7]  On July 11,

---

Attorney's office; and
(III) The court's amendment of the warrant to correct a defect in the charge (from charging robbery of a store to charging robbery of the store's employee) was authorized by statute, and Thomas suffered no surprise or prejudice from the amendment.

[6]Marks represented Thomas for this appeal.  This appeal alleged essentially the same claims that were presented to the Court of Appeals.

[7]This petition was filed by the court on May 24, 2006.  This petition alleged essentially the following claims:
(1) Court error—"obvious conflict" by Thomas and Weise, which the court failed to address.  Also, the court erred by not dismissing flawed warrant and amending it;
(2) Court error—court misused its authority in not granting either of two (2) motions raised and presented by defense and by not disqualifying the Caroline County Commonwealth's Attorney's Office from prosecuting;
(3) Violation of Due Process—"whole trial was flawed in every possible way including judges who attempted to prejudice or prejudiced my case in the preliminary hearing, ruling substitution without me present on grand jury days and the trial";
(4) Violation of Due Process—"Fundamentally unfair trial . . . the trial judge abused its authority in its finding or verdict haveing [sic] no cohobborative [sic] evidence in this case"; and
(5) Ineffective assistance of counsel—"The preliminary hearing lawyer 'Michael Weise' who became prosecutor for the County of Caroline . . . prejudiced my case and disqualified the County from prosecution!  . . . Also im [sic] starting to think that Steven M. Mark's [sic] has refused to give notice of my desire to appeal.  He is unresponding [sic] to all letters."

3

2006, the court denied and dismissed the petition.[8]   Record No. 060428 ("Thomas III").   On October 10, 2006, Thomas filed a petition for appeal of his state habeas corpus petition in the Supreme Court of Virginia, which the court dismissed on March 8, 2007, because it was not perfected in accordance with Va. Sup. Ct. R. 5:17(c).   Record No. 062198 ("Thomas IV").

On May 1, 2007, while in the custody of the Virginia Department of Corrections at the Nottoway Correctional Center, Thomas executed the instant pro se federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Federal Petition") accompanied by an affidavit ("Thomas's Affidavit").[9]   The Court

---

[8]The court essentially held:
Claims (1) through (4) were procedurally barred from review pursuant to Slayton v. Parrigan, 215 Va. 27, 29 (1974).   Claim (5), as to Weise's sharing of information with the prosecution that was provided by Thomas, was unsupported by the record.   Claim (5), as to Marks' filing of an appeal, was unfounded because the appeal was still pending and the notice had not been dismissed as untimely.

[9]This petition was not accompanied by the $5.00 filing fee or a request to proceed in forma pauperis.   The petition was received by the United States District Court for the Eastern District of Virginia, Richmond, on May 4, 2007, and was conditionally filed with this Court on May 10, 2007.   On June 11, 2007, this Court received Thomas's inmate account report.   On June 13, 2007, the Court entered an Order construing Thomas to request to proceed in forma pauperis and granting that request.   This Order also directed Thomas's petition be filed.
The Court notes that the United States Supreme Court promulgated certain amendments to the Rules Governing Section 2254 Cases in the United States District Courts, which became effective on December 1, 2004.   As amended, Rule 3(d) adopts the prison mailbox rule with regard to § 2254 petitions.   Accordingly, the Court recognizes the prison mailbox rule for federal habeas petitions.   In this case, as there is no evidence in the record to the contrary, the Court will assume that Thomas delivered his federal habeas petition for mailing on the date he signed it, May

conditionally filed this petition on May 10, 2007.  On June 13,

2007, the Court entered an Order filing Thomas's petition and

granting Thomas's motion to proceed _in forma pauperis_.  On July 11,

2007, Respondent filed his Rule 5 Answer and Motion to Dismiss

accompanied by a supporting brief ("Respondent's Brief") and a

Notice of Motion Pursuant to Local Rule 7(K).  On July 30, 2007,

Thomas executed "Petitioner's 'Sworn Statement' and Response to

Motion to Dismiss" ("Thomas's Response"), which the Court filed on

---

1, 2007.
    Further, the Court considers Thomas's petition as filed, for
statute of limitations purposes, on that date.  A federal habeas
corpus petition is considered timely filed if it is deposited in
the prison mailing system prior to the running of the statute of
limitations, even if it does not comply with Rule 2 of the Rules
Governing Section 2254 Cases or it lacks the requisite filing fee
or _in forma pauperis_ form.  See Rule 3 2004 Advisory Committee's
Notes (recognizing that Rule 3 is silent as to the filing date of
a petition not submitted on the proper form or not accompanied by
the filing fee or a motion to proceed _in forma pauperis_, and
advising that the court clerk, in such instances, must "accept the
defective petition and require the petitioner to submit a corrected
petition.")  See also Thompson v. Greene, 427 F.3d 263, 269 (4th
Cir. 2005) (applying United States v. Vonn, 535 U.S. 55, 64 n.6
(2002) ("In the absence of a clear legislative mandate, the
Advisory Committee Notes provide a reliable source of insight into
the meaning of a rule.")); Nichols v. Bowersox, 172 F.3d 1068, 1076
(8th Cir. 1999) (holding that Rule 3 of the Rules Governing Section
2254 Cases "is not dispositive" for purposes of establishing the
time of filing of a habeas petition); Harris v. Vaughn, 129 Fed.
Appx. 684, 690 (3rd Cir. 2005) (holding that "the date of filing
for statute of limitations purposes is the date that the [federal]
habeas petition is received by the court or by the appropriate
prison official (if the mailbox rule applies), regardless of
whether payment or an [in forma pauperis] application is attached,
as long as either follows within a reasonable time and there is no
evidence of bad faith.")

August 6, 2007.[10]

## B. Grounds Alleged

Thomas now asserts in this Court that he is entitled to relief under 28 U.S.C. § 2254 for the reasons substantially as follows:

(1) Violation or denial of due process arising from the Supreme Court of Virginia's dismissal of Thomas's state habeas appeal pursuant to Va. Sup. Ct. R. 5:17(c);

(2) Ineffective assistance of counsel:

(a) Trial counsel had a conflict of interest because he was also a prosecutor in the jurisdiction's Commonwealth's Attorney's Office; and

(b) Counsel failed to preserve Thomas's right to appeal; and

(3) Denial of due process because the arrest warrant was defective.

## II. PETITIONER'S MOTION FOR AN EVIDENTIARY HEARING

As a preliminary matter, the Court considers Thomas's motion for an evidentiary hearing. The Court has determined that an evidentiary hearing is not required, as purely legal issues are presented and the record before the Court adequately resolves the legal issues raised. See Rule 8 of the Rules Governing Section 2254 Cases. Accordingly, the Court DENIES Thomas's motion for an evidentiary hearing.

---

[10]Within this pleading, Thomas requested an evidentiary hearing, Thomas's Response, at 3, which the Court denies, infra.

## III. FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court FINDS that all of Thomas's claims are exhausted, but claims (1), (2)(a) and (2)(b) are also procedurally defaulted before this Court. The Court therefore FINDS that only Thomas's claim (3) is properly exhausted, requiring review on the merits.[11]

### A. Exhaustion

In order for this Court to address the merits of this habeas petition, all of Thomas's claims must be exhausted. See 28 U.S.C. § 2264(a); 28 U.S.C. § 2254(b). The exhaustion requirement is satisfied when "allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), aff'd 996 F.2d 1560 (4th Cir. 1993). Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. See O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) (citing Brown v. Allen, 344 U.S. 443, 447 (1953)); see also Skipper v. French, 130 F.3d 603, 610 n.4 (4th Cir. 1997). In order for a

---

[11]The Court notes that Respondent has not addressed whether Thomas's petition was timely filed. Thomas's conviction did not become final until August 22, 2007, ninety (90) days after the denial of his appeal on May 24, 2007, by the Supreme Court of Virginia, and the date upon which the period for seeking direct review of his conviction by the United States Supreme Court expired. See U.S. Sup. Ct. R. 13(1); Harris v. Hutchinson, 209 F.3d 325, 328 n.1 (4th Cir. 2000). Accordingly, Thomas had a one (1) year statute of limitations from that date, or until August 22, 2008, in which to file his petition with this Court. 28 U.S.C. § 2244(d)(1). As a result, even without accounting for tolling, Thomas's petition, considered as filed on May 1, 2007, see supra, note 9, was timely.

claim to be considered exhausted, it must be "fairly presented to the state courts," which means "that both the operative facts and the controlling legal principles must be presented to the state court." Matthews v. Evatt, 105 F.3d 907, 910-11 (4th Cir. 1997) (internal quotations omitted). "[T]he exhaustion requirement for claims not fairly presented to the state's highest court is technically met when . . . a state procedural rule would bar consideration if the claim was later presented to the state court," Matthews, 105 F.3d at 911 (citations omitted); such claims are treated as procedurally defaulted and barred from this Court's review. Clagett v. Angelone, 209 F.3d 370, 378-79 (4th Cir. 2000). Further, if any of Thomas's claims were presented to the highest state court, but were not addressed on the merits because they were procedurally barred in state court pursuant to an adequate and independent state procedural rule, the claims are exhausted, but the procedural default prevents federal habeas review of the merits. Coleman v. Thompson, 501 U.S. 722, 750 (1991).

Respondent has asserted that all of Thomas's claims are exhausted because they either were presented to the Supreme Court of Virginia on direct appeal or in Thomas's state habeas petition, or because a state procedural rule would bar consideration if the claims were now presented to the state court in a successive petition. Respondent's Brief, at 3-5.

8

## 1. Claims (1)

Claim (1) addresses the denial of Thomas's state habeas petition by the Supreme Court of Virginia for Thomas's failure to comply with filing requirements. Federal Petition, at 6; see Thomas IV, at 1. Consequently, this claim was not presented to the Supreme Court of Virginia within that appeal. If Thomas were to now attempt to present this claim to the Supreme Court of Virginia through a habeas petition, it would be barred as a successive petition pursuant to Va. Code Ann. § 8.01-654(B)(2). The Fourth Circuit has held Va. Code Ann. § 8.01-654(B)(2) to be an "adequate and independent state ground" barring federal habeas review of the dismissed claims. Pope v. Netherland, 113 F.3d 1364, 1372 (4th Cir. 1997). Accordingly, this Court FINDS that claim (1) is simultaneously exhausted and procedurally defaulted, and is, therefore, barred from this Court's review.

## 2. Claim (2)

Claim (2) presents two (2) ineffective assistance of counsel claims. Claim (2)(b), that Marks failed to preserve Thomas's right to appeal, was squarely presented in Thomas's state habeas petition to the Circuit Court, and was denied on the merits. Thomas III, at 6. However, this claim was not considered on the merits by the Supreme Court of Virginia because Thomas's appeal of his state habeas petition was dismissed pursuant to Va. Sup. Ct. 5:17(c). Thomas IV, at 1. The Fourth Circuit has held that this rule is an

"adequate and independent state ground" barring federal habeas review of the dismissed claims. Mueller v. Angelone, 181 F.3d 557, 584 (4th Cir. 1999). The Court notes that as claim (1) in the instant petition, Thomas asserts that the Supreme Court erroneously dismissed his appeal because he alleges that he did comply with Rule 5:17(c) in filing his appeal. Federal Petition, at 6; accord Thomas's Response, at 3. In Mueller, the Fourth Circuit considered a similar challenge to the application of Rule 5:17 and declined to second-guess the Supreme Court of Virginia's application of its own rule, finding that the federal court's inquiry was limited to whether the rule was "regularly enforced" by the state court. Id. at 583 ("We can only reasonably conclude, then, that the assignments of error asserted therein were defaulted . . . because they lacked either the specificity or the support the rule explicitly and unambiguously demands, or both. . . . [W]e have considered ourselves whether these procedural grounds are indeed "firmly established" and "regularly enforced" so as to bar federal review . . . [and find] that they are."). Accordingly, this Court FINDS that claim (2)(b) is simultaneously exhausted and procedurally defaulted, and is, therefore, barred from this Court's review.

As claim (2)(a), Thomas asserts a claim of ineffective assistance of counsel as to Weise, because, according to Thomas, at one point in the case, while serving as Thomas's defense counsel,

Weise was employed by the Commonwealth's Attorney's office. Federal Petition, at 6-7. Thomas asserted a similar claim in his state habeas petition, which was denied on the merits. Thomas III, at 3-6. However, this claim was not considered on the merits by the Supreme Court of Virginia because Thomas's appeal of his state habeas petition was dismissed pursuant to Va. Sup. Ct. 5:17(c). Thomas IV, at 1. As stated, supra, this rule is an "adequate and independent state ground" barring federal habeas review of the dismissed claims. Mueller, 181 F.3d at 584. Accordingly, this Court FINDS that claim (2)(a) is simultaneously exhausted and procedurally defaulted, and is, therefore, barred from this Court's review.

### 3.  Claim (3)

As claim (3) in the instant petition, Thomas asserts that he was denied due process because his arrest warrant was defective. Federal Petition, at 9. On direct appeal, Thomas asserted that the trial court erred in denying his motion to dismiss regarding that warrant. Brief for Appellant, Thomas I, at 8-9. Respondent asserts that Thomas's presentation of the claim on direct appeal was insufficient to exhaust the claim because, in that appeal, Thomas did not allege a violation of constitutional due process. Respondent's Brief, at 4. The Court notes, however, that Thomas's brief to the Court of Appeals states: "[T]he Commonwealth bypassed the requirements of taking the proper charge before a magistrate,

having the defendant served with a valid warrant, and conducting a preliminary hearing after the defendant has proper notice of the charges against him <u>in accordance with due process</u>." Brief for Appellant, <u>Thomas I</u>, at 8-9 (emphasis added). The same statement was included in the brief presented to the Supreme Court of Virginia. Brief for Appellant, <u>Thomas II</u>, at 9. Accordingly, this Court finds that Thomas did properly raise the essence of a federal constitutional claim to the state court.

The Court must next determine whether the claim is properly exhausted because it was considered by the Supreme Court of Virginia on the merits. The Supreme Court of Virginia summarily denied Thomas's appeal. <u>Thomas II</u>, at 1. Normally, when the Supreme Court of Virginia summarily refuses a petition for appeal, this Court "look[s]-through" to the "last reasoned state-court judgment" on that claim. <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 803-04 (1991). In accordance with <u>Ylst</u>, because the Court of Appeals dismissed this claim on the merits, this Court construes the Supreme Court of Virginia's dismissal to also be on the merits. Accordingly, this Court FINDS that claim (3) was properly exhausted, warranting review on the merits.

Based on the foregoing, the Court FINDS that all of Thomas's claims are exhausted, but the Court further FINDS that claims (1), (2)(a), and (2)(b) were procedurally defaulted under Virginia law and are therefore barred from this Court's review. Thus, this

Court will address only claim (3) on the merits.

## B. Limited Exceptions to Procedural Default

Although most of Thomas's claims are procedurally defaulted, he may still obtain review of those claims if he can establish either: (1) cause for the default and actual prejudice as a result of the alleged violation of federal law, or (2) that failure to consider the claim will result in a fundamental miscarriage of justice because he is actually innocent of the crime for which he was convicted. Clagett, 209 F.3d at 379 (citing Coleman v. Thompson, 501 U.S. 722, 750 (1991)); Weeks v. Angelone, 176 F.3d 249, 269 (4th Cir. 1999).

Cause refers to "some objective factor external to the defense" that impeded compliance with the state's procedural rule. Strickler v. Greene, 527 U.S. 263, 283 n.24 (1999) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).

> Objective factors that may constitute "cause" include: (1) "interference by officials that makes compliance with the State's procedural rule impracticable"; (2) "a showing that the factual or legal basis for a claim was not reasonably available to counsel"; (3) novelty of the claim; and (4) constitutionally ineffective assistance of counsel.

Wright v. Angelone, 151 F.3d 151, 160 n.5 (4th Cir. 1998) (quoting McCleskey v. Zant, 499 U.S. 467, 493-94 (1991)). An absence of due diligence by the petitioner will defeat an assertion of cause. See Hoke v. Netherland, 92 F.3d 1350, 1354 n.1 (4th Cir. 1996).

The only explanation Thomas has presented for his failure to

exhaust his claims is the purported misapplication by the Supreme Court of Virginia of Rule 5:17(c). Because the Court has addressed that argument, supra, and because that explanation, even if well-founded, does not present an external factor that impeded Thomas's compliance with this procedural rule, Thomas has failed to establish the requisite cause for his failure to comply with the applicable state procedural rules in order for this Court to review the instant claims on the merits.[12]

## C. Merits

The Court now considers claim (3) on the merits. A federal court may not grant relief on a habeas claim previously adjudicated on the merits in state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the

---

[12] Insofar as Thomas has failed to establish the requisite cause to excuse the procedural default, the Court need not consider whether he has provided adequate grounds for a determination of actual prejudice as a result of the defaulted claims. The Court does note, however, that to establish prejudice, it is the petitioner's burden to demonstrate "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Williams, 146 F.3d at 210 (quoting United States v. Frady, 456 U.S. 152, 170 (1982)) (other citations omitted). Further, even in the instance where error occurred, a petitioner must show actual disadvantage, as a result, and not merely a possibility of harm. Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997); see also Pope v. Netherland, 113 F.3d 1364, 1371 (4th Cir. 1997).
The Court notes that Thomas has also not provided grounds for the Court to consider an exception to procedural default based on miscarriage of justice.

United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d). In drafting this statute, Congress "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362, 386 (2000). See also Bell, 236 F.3d at 157 (recognizing that, for claims adjudicated on the merits by the state court, the federal court "is limited by the deferential standard of review set forth in § 2254(d), as interpreted by the Supreme Court in Williams[]."). Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." Williams, 529 U.S. at 387. Moreover, "[a] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be [objectively] unreasonable." Id. at 411. In deference to the state court's decision, this Court may not grant relief unless it determines that decision on the merits was "legally or factually unreasonable." See Bell, 236 F.3d at 163 (quoting Aycox v. Lytle, 196 F.3d 1174, 1178 (10th Cir. 1999)).

Further, the Court is mindful that "a determination on a factual issue by a State court shall be presumed correct [in a habeas proceeding]," and the burden is on a petitioner to rebut that "presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(d)(2); see also Tucker v. Ozmint, 350 F.3d 433, 439 (4th Cir. 2003), cert. denied, 541 U.S. 1032 (2004). Pursuant to the look-through doctrine, the Court applies this analysis to the decision rendered by the Court of Appeals. Ylst, 501 U.S. at 803-04.

As claim (3), Thomas asserts he was denied due process pursuant to a defective warrant. This claim was considered on the merits by the Court of Appeals, which found that the original warrant was defective because the initial victim of the robbery was not a person; Thomas was arraigned on an indictment that did specify a person as the victim; the trial court was authorized by statute to amend a defective warrant; the case cited by Thomas in support of the error dealt with a defendant arraigned and convicted on a faulty indictment; and there was no surprise or prejudice to Thomas from the faulty warrant. Thomas III, at 3-4. In support of his claim in the instant petition, Thomas again asserts that he was prejudiced and defense counsel was unprepared to defend the charge as amended. Federal Petition, at 9; Thomas's Affidavit, at 2. As supporting law for this claim, Thomas has provided the same Virginia case considered by the Court of Appeals in denying the

instant claim on appeal along with Virginia statutory authority. Accordingly, Thomas has provided nothing to show the Court of Appeals unreasonably applied federal law. Williams, 529 U.S. at 386.

As factual support, Thomas has attached the indictment itself, originally dated August 23, 2004, but corrected to August 24, 2004, charging Thomas with "unlawfully and feloniously rob[bing] Michael Campbell of U.S. Currency belonging to Carmel Church Shell." Federal Petition, Exhibit A. Thomas has also attached the Warrant of Arrest, dated August 22, 2004, showing that the original charged conduct, "rob[bing] CARMEL CHURCH SHELL," was amended to "rob[bing] Michael Campbell of CARMEL CHURCH SHELL," on August 20, 2005. Id. The record shows that Thomas was arraigned on October 25, 2005, under the indictment for the corrected charge of the robbery of Michael Campbell, and was tried on January 18, 2006. Therefore, Thomas's assertion that "the defense did not go into court prepared to defend against . . . [the] amended victim," Thomas's Affidavit, at 2, is not supported by the record.

Based on the foregoing this Court FINDS that Thomas has failed to show either that the Court of Appeals unreasonably determined the facts or unreasonably applied federal law in dismissing claim (3). As such, this Court RECOMMENDS that claim (3) be DENIED.

## IV. RECOMMENDATION

For the foregoing reasons, the Court, having denied Thomas's

motion for an evidentiary hearing, recommends that Thomas's petition for a writ of habeas corpus be DENIED, that Respondent's motion to dismiss be GRANTED, and that all of Thomas's claims be DISMISSED WITH PREJUDICE.

Thomas has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).

## V. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules. A party may respond to another party's specific objections within ten (10) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made. The parties are

18

further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

_____
United States Magistrate Judge

Norfolk, Virginia

September 27, 2007

## Clerk's Mailing Certificate

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Antoine L. Thomas, #356784
Nottoway Correctional Center
P.O. Box 488
Burkeville, Virginia 23922
PRO SE

Karen G. Misbach, Esq.
Assistant Attorney General
Office of the Attorney General
900 E. Main Street
Richmond, Virginia 23219
COUNSEL FOR RESPONDENT

Fernando Galindo,
Clerk of Court

By: _____
Deputy Clerk

September 27, 2007