UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ANTOINE L. THOMAS, #356784,

    Petitioner,

v.                              ACTION NO. 2:07cv219

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

    Respondent.

## FINAL ORDER

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition alleges violation of federal rights pertaining to Petitioner's conviction on January 16, 2006, in the Circuit Court for the County of Caroline, Virginia, for one (1) count of robbery. Petitioner was sentenced to serve ten (10) years in prison, of which a period of five (5) years was suspended.

The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation. The report of the Magistrate Judge was filed on September 26, 2007 ("Magistrate Judge's Report"), denying Petitioner's motion for an evidentiary hearing and recommending dismissal of the petition. By copy of the report, each party was advised of his right to file written

objections to the findings and recommendations made by the Magistrate Judge. On October 9, 2007, the Court received Petitioner's Objection[s] to Report and Recommendation ("Petitioner's Objections"). The Court received no response from Respondent.

The Court, having reviewed the record and examined the objections filed by Petitioner to the Magistrate Judge's Report,[1]

---

[1] The Court notes that Petitioner has objected to the Magistrate Judge's Report on the following grounds: claim (1) could not be presented to the Supreme Court of Virginia because it was based on that court's rejection of his state habeas appeal; claim (2)(a) was properly exhausted because it was presented on direct appeal to the Supreme Court of Virginia; the Magistrate Judge erroneously implied that Petitioner had not been surprised at his preliminary hearing and that Petitioner had been afforded a continuance; and the Magistrate Judge erroneously stated that the arrest warrant was amended to show the offense occurred on August 20, 2005. Petitioner's Objections, at 1-3. These objections are without merit.

As to Petitioner's objection regarding claim (1), the Magistrate Judge's Report acknowledges that this claim could not be presented within Petitioner's state habeas appeal, Magistrate Judge's Report, at 9; however, this does not alter this Court's determination that Petitioner failed to properly exhaust claim (1), and that Petitioner has not shown cause and prejudice to excuse this failure. See Magistrate Judge's Report, at 9, 13-14.

Although Petitioner claims he exhausted claim (2)(a), alleging he received ineffective assistance of counsel due to trial counsel's conflict of interest, Petitioner's Objections, at 2-3, the Court notes that the actual claim raised on direct appeal alleged that the trial court erred in denying his motion to strike the evidence and in dismissing the case based on "constitutional grounds" involving his former defense counsel. Thomas v. Commonwealth, Record No. 1206-06-2, at *3 (Va. Ct. App. Dec. 20, 2006) ("Thomas I"). The Court recognizes that had Petitioner actually attempted to raise an ineffective assistance of counsel claim on direct appeal, the Court of Appeals of Virginia and Supreme Court of Virginia would have dismissed it as not cognizable on direct appeal. See Hall v. Commonwealth, 30 Va. App. 74, 82 (Ct. App. 1999). Nevertheless, even assuming, arguendo, that

2

Petitioner's direct appeal claim (II), which referenced his Sixth Amendment right to counsel, presented "both the operative facts and the controlling legal principles" as in the instant claim (2)(a), thereby, properly exhausting the instant claim, Matthews v. Evatt, 105 F.3d 907, 910-11 (4th Cir. 1997), the Court notes that Petitioner still would not have prevailed on the merits of this claim. The Supreme Court of Virginia summarily dismissed Petitioner's direct appeal, so this Court must "look-through" that opinion to the "last reasoned state-court judgment" on that claim, the dismissal of claim (II) by the Court of Appeals of Virginia ("Court of Appeals"). Ylst v. Nunnemaker, 501 U.S. 797, 803-04 (1991). The Court of Appeals dismissed this claim because Petitioner did not make a timely "motion for disqualification [of his counsel]." Thomas I, at *3 (citing United States v. Owen, 902 F.2d 1154, 1156 (4th Cir. 1990)).

In his federal petition, Petitioner cites two (2) cases in support of claim (2)(a). Federal Petition, at 3 (citing Zuck v. Alabama, 588 F.2d 436 (5th Cir. 1979); Lux v. Commonwealth, 24 Va. App. 561, 576-77 (Ct. App. 1997) (rejecting trial court's denial of appellant's motion to disqualify because Commonwealth did not meet its burden to prove it had "implemented effective screening procedures to prevent the disclosure of appellant's confidences" after appellant's counsel at trial had joined the Commonwealth's Attorney's office prior to initiation of a proceeding to revoke appellant's suspended sentence). The Court declines to consider Lux because this Court does not consider allegations that a state court misapplied state law. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). As for Zuck, that case involved an ineffective assistance of counsel claim by a defendant whose defense counsel had represented the prosecuting attorney from defendant's trial in an unrelated civil trial while the defendant's trial was on-going without advising the defendant of any potential conflict of interest. Zuck, 588 F.2d at 438. In Petitioner's case, by contrast, the grounds for Petitioner's asserted conflict of interest were included in the Motion to Substitute Counsel, mailed to Petitioner on September 19, 2005, filed on September 20, 2005, and granted on October 5, 2005. Thus, Petitioner was on notice well before he was even arraigned on October 25, 2005, infra. Contrary to Petitioner's assertions in his petition, this did not occur "mid-trial," Federal Petition, at 3, but almost three (3) months prior to the start of trial.

The United States Supreme Court has held that "until a defendant shows that his counsel actively represented conflicting interests, [the defendant] has not established the constitutional predicate for his claim of ineffective assistance." Cuyler v. Sullivan, 446 U.S. 335, 350 (1980). In the instant case,

3

---

Petitioner asserts that the counsel who withdrew due to employment with the Commonwealth's Attorney's office, Michael M. Weise, Esq. ("Weise"), represented Petitioner at the preliminary hearing and learned "issues raised at [Petitioner's] preliminary hearing[,] which might help in [his] defense," see Federal Petition, at Ex. B (Letter from Russell E. Booker III, Esq., Petitioner's second-appointed defense counsel, to Petitioner, October 12, 2005) (informing Petitioner of his intent to consult Weise to discover those issues). However, Petitioner has not shown that the Commonwealth's Attorney who actually prosecuted the case, and who had represented the government at the preliminary hearing, had any additional information regarding Petitioner's defense other than the argument, raised at the preliminary hearing and throughout trial, that the arrest warrant was defective. Therefore, Petitioner has not made the requisite showing that Weise "actively represented [a] conflicting interest." See Cuyler, 446 U.S. at 350.

Even if, arguendo, the Court were to concede that Petitioner had provided sufficient grounds to demonstrate an actual conflict of interest, Petitioner must still show that the Court of Appeals unreasonably applied federal law in denying his motion to dismiss based on a conflict of interest because it was not timely filed after Petitioner learned of the conflict. See Thomas I, at 3. The United States Supreme Court has considered the question of when a state court has a duty to inquire into a potential conflict of interest, and has determined that state courts are only required to "investigate timely objections" to such conflicts. Cuyler, 446 U.S. at 346 (emphasis added). Because the Court of Appeals found that defense counsel was aware of any potential conflict "months before trial," and could have requested a pretrial hearing on the issue, the decision to raise the issue after jeopardy had attached, as defense counsel acknowledged, Trial Transcript, at 68, rendered the motion untimely. Thomas I, at 3. The Court of Appeals' result is consistent with Cuyler's holding that state courts are only required to investigate timely raised conflicts of interest. See Cuyler, 466 U.S. at 346. Based on the foregoing, the Court finds that Petitioner has failed to show that the Court of Appeals unreasonably determined the facts or unreasonably applied federal law in dismissing his claim that the trial court erred in denying his motion to dismiss. Therefore, even if the Court were to find that Petitioner has exhausted claim (2)(a) on direct appeal, Petitioner could not prevail on the merits of that claim.

As to Petitioner's objection that the Magistrate Judge erroneously implied that Petitioner had not been surprised at his preliminary hearing, Petitioner's Objections, at 3, the Court has determined that the allegedly-objectionable statement pertained to

4

and having made <u>de novo</u> findings with respect to the portions the Magistrate Judge's summary of the Court of Appeals' findings for this claim. Magistrate Judge's Report, at 16. Petitioner also asserts that "it should be noted [Petitioner] was not afforded a chance at [a] continuance . . . . All the way up to and in [the] preliminary [hearing, the arrest warrant stated] that i [sic] robbed a store[, and then at the preliminary hearing, the arrest warrant was] amend[ed] . . . to [specify] a person [as the victim]." Petitioner's Objections, at 3. The Court has reviewed the record and determined that the arrest warrant was issued on August 4, 2005, and executed that same day. Petitioner's preliminary hearing was held on August 26, 2005, at which time he was informed that the arrest warrant had been corrected to reflect a person as the victim of the robbery. Therefore, Petitioner was advised within one (1) month of his arrest of the correction to the charge. On October 5, 2005, the Grand Jury returned a true bill indicting Petitioner for robbery of "Michael Campbell," and on October 25, 2005, Petitioner was arraigned on this indictment. During arraignment, Petitioner was scheduled for trial on January 18, 2006, and the trial transcript confirms that the trial took place on that date. As a result, almost five (5) months passed between the preliminary hearing and trial; therefore, regardless of how this five-month period is characterized, there was sufficient time for defense counsel to develop a trial strategy based on the corrected charge. Additionally, the "defense [counsel]" that Petitioner asserts was "surprised" at the preliminary hearing did not represent Petitioner at trial; as stated in the Magistrate Judge's Report, Petitioner was appointed three (3) different attorneys between arrest and trial, and it was the third attorney that represented Petitioner at trial. Magistrate Judge's Report, at 1 n.1. Therefore, Petitioner's assertions in the instant pleading that the Magistrate Judge, incorrectly, "implied that the defense was not surprised at his preliminary hearing," and that Petitioner was not afforded a continuance between the preliminary hearing and trial, Petitioner's Objections, at 3, are not supported by the record.

Petitioner's final objection, that the Magistrate Judge erroneously stated that the arrest warrant was amended to show the offense occurred on August 20, 2005, is based upon an incorrect reading of the Magistrate Judge's Report. The Magistrate Judge's Report states that Petitioner's arrest warrant was amended <u>on</u> August 20, 2005, but the report acknowledged that the amendment was limited to correcting the victim of the robbery <u>from</u> "CARMEL CHURCH SHELL" <u>to</u> "Michael Campbell of CARMEL CHURCH SHELL." Magistrate Judge's Report, at 17. The warrant continued to reflect the date of the offense as having occurred "on or about" August 22, 2004. <u>See id.</u>

objected to, does hereby ADOPT AND APPROVE the findings and recommendations set forth in the report of the United States Magistrate Judge filed on September 27, 2007, and it is, therefore, ORDERED that the petition be DENIED AND DISMISSED WITH PREJUDICE and that judgment be entered in favor of Respondent.

Accordingly, the Court FINDS that the claims set out in Grounds (1), (2)(a), and (2)(b) of the petition are DISMISSED as they are procedurally defaulted and are, therefore, barred from this Court's review; the claim set out in Ground 3 of the petition is DISMISSED as Petitioner has failed to show either that the Court of Appeals unreasonably determined the facts or unreasonably applied federal law in dismissing this claim.

Petitioner may appeal from the judgment entered pursuant to this _final_ _order_ by filing a _written_ notice of appeal with the Clerk of this Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty (30) days from the date of entry of such judgment. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, the Court, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, declines to issue a certificate of appealability. See _Miller-El v. Cockrell_, 537 U.S. 322, 335-36 (2003).

The Clerk shall mail a copy of this Final Order to Petitioner and to counsel of record for Respondent.

/s/
Raymond A. Jackson
United States District Judge
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
~~November~~ December 5, 2007